BARHAM, Justice.
 

 Stephen J. Glantz and Harold Kenner were charged with selling marijuana in violation of R.S. 40:962. After Glantz pleaded guilty as charged arid Kenner pleaded guilty to attempt to sell marijuana,, each was sentenced to serve five years at hard labor. The sentences were suspended,, however, and both defendants were placed on probation for five years. The State filed a rule to. require the trial court to recall the sentences, urging that the applicable penal provision is Subsection (3) of R.S. 40:981, and that under it sentence upon conviction for the sale of a narcotic drug must Le “* * *
 
 without
 
 benefit of parole,
 
 probation or suspension
 
 * * (Emphasis here and elsewhere is supplied.) When the judge refused to recall the sentences, the State appealed.
 

 
 *309
 
 The defendants filed a motion to dismiss the State’s appeal, which this court previously considered and denied, State v. Glantz and Kenner, 253 La. 883, 220 So.2d 711, and although the defendants now re-urge their motion to dismiss, that matter was put at rest in our earlier decision.
 
 [1]
 

 The defendants were sentenced under Section 981 of Title 40 of the Revised Statutes, which contains five subsections and is the penal provision of the Uniform Narcotic Drug Law. The Legislature in its wisdom, believing that the selling or other dissemination of narcotics is a serious offense necessitating severe punishment, has provided in Subsections (1), (2), and (3) of the penal section that sentences imposed for this violation are to be without benefit of parole, probation, or suspension. Subsections (1) and (2) concern those over 21 and define two grades of the offense, while Subsection (3) deals with those under 21. Subsections {2) and (3) parallel each other, the latter •simply providing lighter sentences for those under 21.
 

 Subsections (4) and (5) of the same section provide sentences of less severity for all other offenses defined in the Narcotic Drug Law, including by name the manufacturing, possessing, and controlling of narcotic drugs, and allow parole, probation, or suspension of sentence for those violations if the offender has not previously been convicted of any offense under the Narcotic Drug Law. Subsection (4) concerns offenders over 21 and Subsection (5) those under 21, and they are parallel to each other.
 

 Since both of these defendants were under 21 and one was convicted of the sale and the other of the attemped sale of a narcotic-drug, Subsection (3), above described, which denies such offenders the benefit of parole, probation, or suspension of sentence, appears to be the applicable penal clause. However, the defendants argue in answer to the State’s appeal that the second paragraph under Subsection (5) is a general provision, not merely a part of and restricted to Subsection (5) but applicable to and modifying Section 981 in its entirety, and therefore restores to all first offenders the benefit of parole, probation, and suspension of sentence. The paragraph relied upon by the defendants follows immediately the one-sentence paragraph providing the penalty upon conviction of those under the age of 21 for “* * * manufacturing, possessing, or controlling of any narcotic drug or the violation of any other provisions of this Sub-part * * and reads:
 

 
 *311
 
 “In cases of conviction under this paragraph where said conviction is the first had hy the offender for violating any of the provisions of this sub-part, such first conviction will not deprive such person of the benefits of parole, probation or suspension of sentence provided by law. For the purposes of parole, the provisions of this paragraph shall be applied retroactively.”
 

 We cannot agree that the paragraph quoted above affords the defendants, who were convicted of selling and attempting to sell a narcotic drug, the benefit of parole, probation, and suspension of sentence even though they are first offenders.
 

 The question apparently arises because the two sentences following the subsection numbered (5) are paragraphed, whereas the parallel provisions in Subsection (4) are contained within one paragraph and even within one sentence. It is. argued that because the second sentence under (5) is in a separate paragraph, it modifies the entire Subsection 981.
 

 This difference in paragraphing between Subsection (4) and Subsection (5) came about under the following circumstances: When Section 981 was amended in 1962 (Act 80), former Subsection (4) was amended so as to apply only to certain violators over 21, and Subsection (5) was added to apply to violators in the same category under 21. The amendment added to Subsection (4) a provision for parole, probation, and suspension of sentence for those
 
 over 21
 
 who were convicted of lesser narcotic offenses if they were first offenders as to narcotic law violations. No such provision, however, was incorporated in the new Subsection (5) as to such offenders
 
 under 21.
 
 Thus, to supply a provision inadvertently omitted in the 1962 amendment, the Legislature by 1963 amendment (Act 60) added the paragraph following that numbered (5), so as to give the same benefit of parole, probation, and suspension of sentence to the same class of offenders under 21 as the 1962 amendment had given to those over 21.
 
 [2]
 

 
 *313
 
 The language in the paragraph numbered (5) “* * *
 
 any other
 
 provision of this
 
 Sub-part
 
 * * following the naming of the offenses of manufacturing, possessing, and controlling narcotic drugs, refers to violation of the numerous offenses defined throughout “Sub-part A. Uniform Narcotic Drug Law”
 
 [3]
 
 — with the exception of those named offenses for which the penalties are specifically provided in Subsections (1), (2), and (3) of Section 981. On the other hand, the language found in the second paragraph
 
 “*
 
 * * conviction * * * for violating
 
 any
 
 of the provisions of this Sub-part * * *” means that a previous conviction for
 
 any
 
 of the offenses enumerated in the Narcotic Drug Law, including those named in Subsections (1), (2), and (3), makes one a second offender if he is convicted of one of the offenses either named specifically or included by reference in Subsection (5), and denies him the privilege of parole, probation, or suspension of sentence.
 

 The intent and meaning of the statute is clear: The second paragraph is merely a part of Subsection (5) and has no effect upon or application to persons who are sentenced for
 
 selling
 
 narcotic drugs, whose punishments are provided in Subsections (1), (2), and (3). We find neither ambiguity nor conflict in any language of R.S. 40:981 which would lend support to the defendants’ contention that they may be granted probation or suspended sentences.
 

 It is next argued that Article 893 of the Code of Criminal Procedure, which recognizes the right of a trial court to suspend sentences when it appears to be in the best interest of the public and the defendant, is controlling and should be applied to these defendants. It is contended that the general repealing clause contained in the Code of Criminal Procedure repealed those portions of R.S. 40:981 which denied probation and suspension of sentence as being in conflict with Article 893. We find no merit in this argument. Article 893 is
 
 *315
 
 simply a reenactment without substantial •change of former R.S. 15:530(A), the general law on suspension of sentences, and there was no intent to repeal any provisions ■of the specific and therefore controlling law, R.S. 40:981, which make exceptions to the general law.
 
 [4]
 

 Finally, the defendants urge that the provision of R.S. 40:981(3) which deprives an offender of the benefit of suspension of sentence, probation, and parole imposes, excessive, cruel, and unusual punishment and is therefore unconstitutional. There is no merit in this argument. See State v. Thomas, 224 La. 431, 69 So.2d 738; Ughbanks v. Armstrong, 208 U.S. 481, 28 S.Ct. 372, 52 L.Ed. 582.
 

 The defendant Kenner contends that there is nothing in the attempt statute, R.S. 14:27, to require that his sentence upon ■conviction for attempted sale of a narcotic drug be without benefit of suspension and probation. R.S. 40:981(3) provides a maximum term of 15 years for the sale of narcotics, prescribes the manner of imprisonment, and requires the denial of parole, probation, or suspension of sentence. The lesser and included offense, attempt to sell narcotics, is punishable by imprisonment “in the
 
 same manner
 
 as for the offense attempted” for a term not to exceed one-half ■of the longest term imposed for the completed crime. See R.S. 14:27. We therefore conclude that the prohibition against parole, probation, and suspension of sentence attaches to a conviction for attempt to sell narcotics.
 

 We find that the trial court has imposed illegal sentences, and the case must be remanded. See State v. Johnson, 220 La. 64, 55 So.2d 782. The defendants urge that if we remand, we allow them to withdraw their pleas of guilty under the authority of State v. Mockosher, 205 La. 434, 17 So.2d 575. Such an issue is for the district judge to resolve on remand. See C.Cr.P. art. 559.
 

 The sentence of each defendant is annulled and set aside, and the case is remanded for proceedings in conformity with the views here expressed.
 

 FOURNET, C. J., absent.
 

 [1]
 

 . The writer of this opinion dissented from the refusal to dismiss the appeal and re-' mains of, the same opinion. However, the argument now urged for dismissal was considered and rejected by the majority, and that majority decision has become the rule of law for this case.
 

 [2]
 

 . The omission from the 1962 amendment of a provision in Subsection (5) corresponding to that added to Subsection (4) was undoubtedly due to inadvertence. The whole tenor of Section 981 shows a clear intent and deliberate policy to deal more harshly and severely with narcotic law offenders over 21 than with those under 21; and it is illogical to suppose that the lawmakers would have deliberately given the benefit of parole, probation, and suspension of sentence in certain circumstances to those over 21 who are convicted of lesser narcotic offenses and not have given the same benefit under the same circumstauees to those under 21. Although this provision was added to Subsection (5) by way of a separate paragraph, it is intended to be a part of the preceding paragraph, as is made clear by its opening words: “In cases of conviction under this
 
 paragraph
 
 * * Section 1 of the 1963 act provided that “Paragraphs [Subsections] 4 and 5 of Section 981 of Title 40 of the Louisiana Revised Statutes of 1950 are hereby amended and re-enacted * * * ”; and additionally the stated purpose of the act was to “ * * * provide for parole, probation and suspension of sentence in
 
 *313
 
 certain eases and to make tlie application of such provisions relative to parole retroactive”.
 

 [3]
 

 . Within this Sub-part, the Uniform Narcotic Drug Daw, it is declared unlawful to “manufacture, possess, have under his control, sell, give, deliver, transport, prescribe, administer, dispense, or compound any narcotic drug, except as provided in this Sub-part”. See R.S. 40:962(A). It is unlawful to become an addict, a habitual user of drugs without medical need. See R.S. 40:902 (A) and 40:961 (1). It is further unlawful “to have or possess a hypodermic syringe or needle unless such possession be authorized” or the possessor falls within one of the excepted categories. See R.S. 40:962(B). And, finally, it is unlawful “to transport, carry, or convey any narcotic drugs * * * in, upon, or by means of any vessel, vehicle, or aircraft” or “to conceal or possess any narcotic drugs *
 
 * *
 
 in or upon any vessel, vehicle, or aircraft” or “to use any vessel, vehicle, or aircraft to facilitate the transportation, carriage, conveyance, concealment, receipt, possession, purchase, sale, barter, exchange, or giving away of any narcotic drugs”. See R.S. 40:962(0).
 

 [4]
 

 . Another exception to Artielé 893 is R.S.' 14:64 •winch defines armed robbery and (as amended) forbids the benefit of parole. probation, or suspension of sentence.