250 So.2d 721 (1971)
259 La. 508
STATE of Louisiana
v.
Cyrus B. PATTERSON.
No. 50964.
Supreme Court of Louisiana.
June 28, 1971.
Rehearing Denied August 12, 1971.
*722 W. P. Wray, Jr., Henry B. Bruser, III, Baton Rouge, for defendant-appellant.
Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Cyrus B. Patterson was charged by bill of information with attempted armed robbery. He entered a guilty plea and was sentenced to imprisonment for twenty years at hard labor, without benefit of pardon or parole. Thereafter, defense counsel moved to have the sentence set aside as illegal on the ground that Patterson was improperly denied the benefit of pardon or parole. When the motion was denied, defense counsel objected to the ruling and reserved a bill of exceptions which is the basis of this appeal.
The quoted portions of the following statutes are pertinent to our decision:
A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
B. Whoever commits the crime of armed robbery shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. (La.Crim.Code art. 64).
* * * * * *
D. Whoever attempts to commit any crime shall be punished as follows:
* * * * * *
(3) In all other cases he shall be fined or imprisoned, or both, in the same manner as for the offense attempted; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. (La.Crim.Code art. 27).
No person shall be eligible for parole consideration who has been convicted of armed robbery and denied parole eligibility under the provisions of R.S. 14:64, or who has been convicted of violation of the Uniform Narcotic Drug Law and denied parole eligibility under the provisions of R.S. 40:981. (La.R.S. 15:574.4 [B]).
It is appellant's contention that criminal statutes are stricti juris, and ambiguities in them are construed in favor of the accused, a proposition firmly imbedded in our jurisprudence and with which we agree.
Under these rules of construction, it is said, that by the quoted provisions of Section 574.4(B) of Title 15 of the Revised Statutes the parole privilege is denied only to persons who have been convicted of "armed robbery" and those convicted of violating the "Uniform Narcotic Drug Law." It is argued that this language does not permit a conclusion that the parole privilege is denied to those convicted of "attempted armed robbery," which is the charge to which appellant pleaded guilty. This argument, however, overlooks the basic proposition that an attempt is a lesser grade of the intended crime and a person may be convicted of an attempt to commit a crime although it appears on the trial that the crime attempted was actually perpetrated in pursuance of the attempt. La.Crim.Code art. 27.
*723 The rules of strict construction, therefore, do not require that parole be granted to a person convicted of "attempt to commit armed robbery" when this parole privilege is denied by statute to those convicted of "armed robbery." A reference to armed robbery in Section 574.4(B) includes the lesser offense of attempted robbery.
This result is also dictated by the language of the attempt statute (La.Crim. Code art. 27D [3]) providing that person convicted of "attempt" shall be fined and imprisoned in "the same manner" as for the offense attempted; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both. In the case of "attempted armed robbery" the phrase "in the same manner" means that except for the term of imprisonment, which is specifically provided for, the other aspects of the fine or imprisonment shall be "in the same manner" as provided for armed robbery; that is, "at hard labor" and "without benefit of parole, probation or suspension of sentence." To hold otherwise would render the words "in the same manner" virtually meaningless, for there is no other provision of the armed robbery punishment to which the attempt punishment can be likened.
We decided this same question on an attempt under the Uniform Narcotics Act just two years ago in State v. Glantz, 254 La. 306, 223 So.2d 813 (1969), and no argument has been advanced to persuade us that we erred there.
Generally it may be said that the law of Louisiana favors a wise exercise of pardon, parole and suspension. But the legislature in its wisdom has denied these privileges to armed robbery and narcotic offenders. La.R.S. 15:574.4 (B), supra; State v. Glantz, 254 La. 306, 223 So.2d 813 (1969).
The sentence is affirmed.
DIXON, J., dissents.
TATE, Justice (concurring).
The defendant pleaded guilty to attempted armed robbery. The question is whether he is eligible for parole, probation, or suspension of sentence.
Armed robbery itself is punishable by five to ninety-nine years' imprisonment "at hard labor, * * * without benefit of parole, probation or suspension of sentence." La.R.S. 14:64. However, the defendant is here charged with an "attempt" and is punishable under La.R.S. 14:27, the attempt article.
The sentence for the attempt to commit armed robbery and most other offenses is provided by La.R.S. 14:27D(3). This pertinently provides that the offender "shall be fined or imprisoned or both, in the same manner as for the offense attempted.", except that the fine or imprisonment cannot exceed by one-half the "longest term of imprisonment" provided for the offense so attempted.
Were this a matter of first impression, I would believe that the statutory provision specially regulating punishment of attempts should be construed otherwise than as the majority has done. Penal statutes are strictly construed. The attempt-sentencing provision is a special statute particularly relating to punishment for attempts.
By the construction I believe more reasonable, the attempt-sentencing provision in question should mean that the defendant may be sentenced to one-half the maximum "term" of years provided for the major offense, and for imprisonment "in the same manner"i. e., "at hard labor", "with or without hard labor", or simply "imprisoned" (in the local jail).
The "term" of imprisonment connotes the duration of time, not whether the offender may be paroled or put on probation or have his sentence suspended. Cf. Black's Law Dictionary, verbo "Term" (4th ed., 1951).
However, this court has earlier construed the provision otherwise. State v. *724 Glantz, 254 La. 306, 223 So.2d 813 (1969). The majority's construction in the present case accords with this earlier interpretation. I therefore concur in the present majority opinion.