TATE, Justice
(concurring).
The defendant pleaded guilty to attempted armed robbery. The question is whether he is eligible for parole, probation, or suspension of sentence.
Armed robbery itself is punishable by five to ninety-nine years’ imprisonment “at hard labor, * * * without benefit of parole, probation or suspension of sentence.” La.R.S. 14:64. However, the defendant is here charged with an “attempt” and is punishable under La.R.S. 14:27, the attempt article.
The sentence for the attempt to commit armed robbery and most other offenses is provided by La.R.S. 14:27D(3). This pertinently provides that the offender “shall be fined or imprisoned or both, in the same manner as for the offense attempted.”, except that the fine or imprisonment cannot exceed by one-half the “longest term of imprisonment” provided for the offense so attempted.
Were this a matter of first impression, I would believe that the statutory provision specially regulating punishment of attempts should be construed otherwise than as the majority has done. Penal statutes are strictly construed. The attempt-sentencing provision is a special statute particularly relating to punishment for attempts.
By the construction I believe more reasonable, the attempt-sentencing provision in question should mean that the defendant may be sentenced to one-half the maximum “term” of years provided for the major offense, and for imprisonment “in the same manner” — i. e., “at hard labor”, “with or without hard labor”, or simply “imprisoned” (in the local jail). • ■ ;
*515 The “term” of .imprisonment connotes the duration of time, not whether the offender may be paroled or put on probation or have his sentence suspended. Cf. Black’s Law Dictionary, verbo “Term” (4th ed., 1951).
However, this court has earlier construed the provision otherwise. State v. Glantz, 254 La. 306, 223 So.2d 813 (1969). The majority’s construction in the present case accords with this earlier interpretation. I therefore concur in the present majority opinion.