432 So.2d 854 (1983)
STATE of Louisiana ex rel. Stanley SULLIVAN, Sr.
v.
Ross MAGGIO, Warden.
No. 82-KH-1317.
Supreme Court of Louisiana.
May 23, 1983.
Rehearing Denied June 24, 1983.
*855 Stanley Sullivan, Sr., Gerard A. Rault, Jr., New Orleans, for relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Kay Kirkpatrick, Lennie Perez, Asst. Dist. Attys., for respondent.
DENNIS, Justice.
This criminal case presents the question of whether our statutes require that a sentence of imprisonment for attempted armed robbery must be served without benefit of parole, probation or suspension of sentence.
Stanley Sullivan, the relator in the instant proceedings, was convicted of attempted armed robbery in July, 1975. He was sentenced to a term of twenty-five years at hard labor without benefit of parole, probation or suspension of sentence. On appeal we affirmed his conviction and sentence. State v. Sullivan, 352 So.2d 649 (La.1977). In April, 1982, relator Sullivan moved the trial court to modify his sentence by providing that he shall be eligible for parole, probation, or suspension of sentence. The trial court denied his motion. We granted a writ of certiorari to consider this ruling.
The issue of the instant case centers around an interpretation of Louisiana's criminal attempt statute, La.R.S. 14:27, which, in pertinent part, provides,
* * * * * *
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both;
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term or imprisonment prescribed for the offense so attempted, or both.
Specifically, the question is whether the language of the third penalty clause, section D(3), providing for punishment "in the same manner as for the offense attempted" means that a person who attempts armed robbery shall be sentenced without benefit of parole, probation, or suspension of sentence.
This court decided the question in State v. Patterson, 259 La. 508, 250 So.2d 721 (1971), holding that the phrase "in the same *856 manner" means "at hard labor" and "without benefit of parole, probation or suspension of sentence" as provided for armed robbery. The defendant in the present case argues, as did Patterson, that, because criminal statutes should be strictly construed, imprisonment "in the same manner" must be interpreted to refer only to hard labor and not to loss of eligibility for parole, probation and suspension of sentence. After reconsidering the question, we conclude that this court adopted the correct statutory construction in Patterson for the reasons hereinafter set forth.
It is an ancient rule of statutory construction and an oft repeated one that penal statutes should be strictly construed against the government or parties seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed. 3 Sutherland Statutory Construction § 59.03 (1974); Lafave and Scott, Criminal Law § 10 (1972). This rule of strict construction grew out of harsh conditions during the period in England before the 19th century when hundreds of crimes, many relatively minor, were punishable by death. Lafave and Scott, supra. See also Hall, Strict or Liberal Construction of Criminal Statutes, 48 Harv.L.Rev. 748, 750 (1935). However, with the decline in the severity of punishment and with the introduction of procedural safeguards, the rule of strict construction has become less favored. See, Lafave and Scott, supra; Sutherland, supra, § 59.07.
In fact, numerous state legislatures, frustrated in the field of criminal law, have abrogated or modified the rule. Sutherland, supra. Some states expressly repudiated the common law rule of construction and substituted a rule calling for a construction of criminal laws according to the "fair import of their terms." See, e.g. Cal. Penal Code § 4. Other states have gone even further and have opted for a "liberal" construction of their criminal laws. See Lafave and Scott, supra, n. 23, and states listed therein.
Louisiana took what might be termed a "middle ground" approach somewhere between the old common law rule and the "liberal" rule adopted by other states. At the time of the drafting of the comprehensive criminal code, the members of the Louisiana State Law Institute refused to embrace a rule of either strict or liberal construction. See Morrow, the Louisiana Criminal Code of 1942Opportunities Lost and Challenges Yet Unanswered, 17 Tul.L. Rev. 1, 4-12 (1942). Instead the Law Institute recommended, and the legislature subsequently enacted, a rule of construction which provides:
The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however, in order to promote justice and to effect the objects of the law, all of its provisions shall be given a genuine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.
La.R.S. 14:3.
Thus, the courts are not empowered to extend by analogy the terms of a criminal provision to cover conduct not included within the crime definition of the criminal code. See, State v. Brown, 378 So.2d 916, 918 (La.1980). However, the rule of interpretation and its legislative history indicate that Louisiana courts are required to give the articles of the criminal code a "genuine construction, according to the fair import of their words," rather than a strict interpretation, if the Code is not thereby extended by analogy to create new crimes.
Applying these precepts to the instant case, we conclude that the basic holding of Patterson remains valid today. Giving the criminal attempt article a genuine rather than a strict interpretation, a person convicted of attempted armed robbery must be imprisoned "at hard labor" and "without benefit of parole, probation or suspension of sentence."
Armed robbery is a pernicious offense. The use of a dangerous weapon creates a great risk of emotional and physical harm to the victim, to witnesses, and, at times, even to the offender. Although firm figures *857 are difficult to obtain, it would appear that robbery killings have increased four- or fivefold since the early 1960s. Silberman, Criminal Violence, Criminal Justice, Chapter I, p. 4 (1978). The Louisiana legislature has indicated a great concern for the crime of armed robbery in this state. In 1962, the penalty for armed robbery was enhanced to provide a maximum term of ninety-nine years at hard labor "without benefit of parole, probation or suspension of sentence." La.R.S. 14:64. The legislature also has shown particular concern over killings occurring during armed robberies by classifying as capital murder a specific intent killing during the perpetration or attempted perpetration of an armed robbery. La. R.S. 14:30.
Attempted armed robbery is only slightly less reprehensible than the completed offense. Force or intimidation of a victim with a dangerous weapon is usually involved. Consequently, the genuine risks of emotional and physical harm created by an attempted armed robbery make it equally as dreadful as a completed offense. Thus, it would seem logical to conclude that the legislature, by stipulating that the same kind of penalty shall accompany both crimes, intended to subject those who attempt armed robbery to the same type of enhanced punishment as those who complete the offense, i.e. imprisonment at hard labor without parole eligibility. This view is also encouraged by the fact that the legislature, cognizant of its pre-existing requirement that a would-be armed robber must be punished "in the same manner" as an actual armed robber, failed to exempt those who only attempt armed robbery when it enhanced the penalty provided for the completed offense.
The present case serves well to illustrate that most of the anti-social elements of armed robbery are usually involved in an attempt of the crime. Relator Sullivan entered into a plan to rob Mr. Leon Ford by physically removing Ford from his home and striking Ford on the head with a club. As Ford walked out of his house, one of two men lying in wait struck Ford in the head, knocking him to his knees. Although he suffered a severe blow, Ford retained consciousness. Because he was still conscious and about to recover, Ford's assailants fled. Thus the offenders were unable to complete the theft of Ford's belongings. The offenders' conduct in the present case is the type of act which the legislature sought to deter by stiffening the penalty for armed robbery through abrogation of parole eligibility. The fact that a theft did not occur during the violence is relatively insignificant considering the injuries inflicted upon Mr. Ford and the graver risks threatened.
The armed robbery article of the criminal code, provides that any person who commits the crime of armed robbery "shall be imprisoned at hard labor for not less than five years and for not more than ninety-nine years, without benefit of parole, probation or suspension of sentence." La.R.S. 14:64. The attempt article subjects persons to punishment "in the same manner as for the offense attempted." La.R.S. 14:27 D(3). A realistic and genuine construction of the two provisions requires that persons who attempt armed robbery shall be punished at hard labor without benefit of parole, probation or suspension of sentence.
In the present case, the relator has raised no argument which was not considered by this court in deciding the Patterson case. There has been no showing that the holding of Patterson has been eroded by a subsequent decision of this court or of the United States Supreme Court. Moreover, during the twelve years since Patterson, the legislature has not sought to overrule or modify the decision.
Accordingly, we adhere to the statutory interpretation announced in Patterson and hold that a person adjudged guilty of attempted armed robbery must be imprisoned at hard labor and without benefit of parole, probation or suspension of sentence. Therefore, the trial judge was correct when he denied relator's motion to modify the sentence.
AFFIRMED.
DIXON, C.J., dissents.
CALOGERO, J., dissents and assigns reasons.
*858 CALOGERO, Justice, dissenting.
I respectfully dissent from the majority opinion. While I am in full agreement with the majority that armed robbery is a very serious crime, as is the attempt to commit armed robbery, the interpretation given to La.R.S. 14:27 here creates an inconsistency in the law which is not supportable.
La.R.S. 14:27, which defines attempt and prescribes the penalties for those convicted of attempting to commit crimes, provides in pertinent part:
* * * * * *
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
(2) If the offense so attempted is theft or receiving stolen things, and is not punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned for not more than six months, or both. If the offense so attempted is theft or receiving stolen things, and is punishable as a felony, he shall be fined not more than two hundred dollars, or imprisoned not more than one year, or both;
(3) In all other cases he shall be fined or imprisoned, or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
The question presented in the context of the facts of this case is whether the phrase "in the same manner" as used in La.R.S. 14:27(D)(3) authorizes the court to sentence for attempted armed robbery without benefit of parole, probation or suspension of sentence. The majority, focusing on the seriousness of the crime, concludes that it does. However, for the reasons which follow, the majority errs, in my opinion.
A study of the history of attempt provisions shows that at common law, attempts were generally punished as misdemeanors. This punishment was deemed inadequate for such major offenses as attempted murder, manslaughter, robbery and rape. Thus special statutes were enacted making it a serious offense to assault or attack another with the intent to commit these specific crimes.[1]
La.R.S. 14:27 was enacted to consolidate all these various individual attempt crimes under one provision and to fix the punishment in proportion to the severity of the crime attempted. Accordingly, La.R.S. 14:27, as enacted in 1942, defined the crime of attempt and correlated the penalties with those for the completed offenses by providing a 20 year maximum penalty at hard labor for the attempt to commit a crime punishable by death or life imprisonment, and providing for other crimes a maximum sentence of one-half that of the offense attempted, to be imposed "in the same manner as for the offense attempted."[2]See Reporter's Comments, La.R.S. 14:27 and 34.
The phrase, "in the same manner," which we are considering in the instant case, appeared in the original attempt statute as *859 enacted in 1942. At that time, no penalty provision for any crime provided that the sentence should be imposed "without benefit of parole, probation or suspension of sentence." Rather, the only designations concerning sentences were whether the sentences were to be served with or without hard labor. Thus, the phrase, "in the same manner," could only have been intended to relate to that sentencing condition and not to whether the sentence was to be imposed "without benefit of parole, probation or suspension of sentence."
This interpretation is supported by a review of the statutory provisions themselves and their interrelationship. Subsection (1), regarding crimes that are punishable by death or life imprisonment, expressly provides that the sentence imposed for the attempt of those offenses be at hard labor. Subsection (2) applies to persons convicted of attempted theft or receiving stolen things and provides for a maximum penalty of six months if the theft attempted would not have been a felony and one year if it would have been a felony. There is no provision in this subsection that the imprisonment be imposed either at hard labor or "in the same manner" as that for the completed offense. The comments to the statute[3] indicate that the Legislature did not want the crime, attempted theft, to be a felony, so they enacted this special provision to cover that offense, rather than having it be covered by the general penalty clause of subsection D(3). The implication is that the phrase "in the same manner" used in D(3) refers to whether the imprisonment is to be at hard labor or not and thus whether the crime would be considered a felony or not. Subsection (3), the general provision applicable to all crimes not otherwise specifically covered in subsections (1) and (2), provides that the sentences be imposed "in the same manner" as that for the completed offense. Thus for crimes punishable at hard labor (felonies), with or without hard labor (felonies), and with imprisonment alone (without hard labor; misdemeanor), the corresponding punishment for attempt of the given crime is "in the same manner" i.e., only at hard labor, or with or without hard labor or imprisonment without hard labor, as the case may be.
This conclusion has been reached by other members of this Court on a previous occasion. Justice Tate, in a concurrence to State v. Patterson, 259 La. 508, 250 So.2d 721, 723 (La.1971), explained it thusly:
By the construction I believe more reasonable, the attempt-sentencing provision in question should mean that the defendant may be sentenced to one-half the maximum "term" of years provided for the major offense, and for imprisonment "in the same manner"i.e., "at hard labor", "with or without hard labor", or simply "imprisoned" (in the local jail).
The "term" of imprisonment connotes the duration of time, not whether the offender may be paroled or put on probation or have his sentence suspended.
Therefore, because the phrase "in the same manner" was utilized in the statute when enacted, at a time when no penalty provision included the condition that the sentence be imposed without benefit of parole, probation or suspension of sentence, and because the statute when read as a whole indicates that the phrase only refers to whether the sentence is to be served at hard labor or not, I believe the majority is in error in concluding that the phrase "in the same manner" was intended to include whether the imposed sentence be without benefit of parole, probation or suspension of sentence.
That the majority is in error in concluding as it does is further made obvious by looking at the inconsistent and absurd results of its interpretation of the provision.
Under subsection D(1) of La.R.S. 14:27, which covers persons convicted of attempting to commit a crime punishable by death or life imprisonment, persons convicted of attempted first degree murder, attempted *860 second degree murder, attempted aggravated rape and attempted aggravated kidnapping may be sentenced to a maximum of fifty years at hard labor. This provision does not authorize the sentence so imposed, however, to be imposed without benefit of parole, probation or suspension of sentence, and this is so notwithstanding that the completed offenses are punishable without benefit. State v. Green, 391 So.2d 833 (La. 1980); State v. Welch, 368 So.2d 965 (La. 1979).
Armed robbery is of course another serious crime. The maximum statutorily authorized sentence however, is not life imprisonment, but rather 99 years at hard labor without benefit of parole, probation or suspension of sentence. As a consequence, the governing provision of the attempt statute, insofar as the authorized penalty for attempted armed robbery is concerned, is subsection D(3) (which contains the questioned phrase "in the same manner"), rather than D(1).
As a result of these statutory provisions and the interpretation that the majority places on them today (that the phrase "in the same manner" was intended to cover whether the sentence be served with or without benefit of parole, probation or suspension of sentence), we are left with the following anamolous circumstances: (1) One convicted of attempted first degree murder, attempted second degree murder, attempted aggravated rape and attempted kidnapping can be sentenced to a maximum of 50 years imprisonment at hard labor, but with the benefit of parole, probation or suspension of sentence, whereas one convicted of attempted armed robbery can be sentenced to a maximum of 49 and ½ years at hard labor and without benefit of parole, probation or suspension of sentence; (2) One convicted of attempted first degree murder because he was attempting to kill or inflict great bodily harm during the perpetration of an armed robbery cannot be sentenced without benefit but one convicted simply of attempted armed robbery, must be sentenced without benefit; and (3) One convicted of attempted aggravated rape cannot be sentenced without benefit but one convicted of the lesser offense of attempted forcible rape must be sentenced without benefit.[4]
Certainly the Legislature did not intend for such inconsistencies to prevail. Had the Legislature intended that one convicted of attempted armed robbery should be sentenced without benefit of parole, probation or suspension of sentence when they used the phrase "in the same manner", would they not also have provided in D(1) that persons convicted of those more serious crimes, warranting life without benefit for the completed offense, be likewise sentenced without benefit?
For all these reasons, I think the majority errs in concluding that the phrase "in the same manner", as used in La.R.S. 14:27 D(3), was meant to authorize the imposition of a sentence without benefit of parole, probation or suspension of sentence, and in creating the above described anamolous results. Accordingly, I dissent.
NOTES
[1] See for example: Acts 1890, No. 43, § 1, Assault with Intent to Murder; Acts 1890, No. 44, § 1, Shooting or Wounding Another with Intent to Kill; Acts 1988, No. 17, § 1, Inflicting a Wound Less than Mayhem with Dangerous Weapon or with Intent to Kill.
[2] In 1942, armed robbery carried a maximum penalty of 15 years at hard labor. Attempted armed robbery was thus punishable by a maximum sentence of 7 and ½ years (one-half the maximum for the offense attempted). Therefore, the penalties for attempted offenses were in proportion to the severity of the crime attempted, with a 20 year maximum penalty for attempt to commit a crime punishable by death or life imprisonment and a 7 and ½ year maximum penalty for attempted armed robbery. These provisions have since been amended. Armed robbery now carries a maximum penalty of 99 years at hard labor and, thus, 49 and ½ years for attempted armed robbery (one-half the maximum for the offenses attempted). And La.R.S. 14:27 D(1) provides for a maximum penalty of 50 years for the attempt to commit an offense which is punishable by death or life imprisonment.
[3] The Reporter's Comments concerning this provision are found under La.R.S. 12:26, the conspiracy statute, which has a similar penal clause for the conspiracy to commit theft, and cross-referenced under La.R.S. 14:27.
[4] In State v. Bartley, No. 82-KA-2167, presently pending before this Court, defendant was sentenced, for the crime of attempted forcible rape, without benefit of parole, probation or suspension of sentence for a period of time. Among other arguments, defendant argues that it was improper to sentence him "without benefit" for attempted forcible rape where one convicted of the greater offense of aggravated rape is sentenced "with benefit."