442 So.2d 840 (1983)
STATE of Louisiana
v.
Willie DIXON.
No. KA-0998.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Loyola Law School Clinic, Calvin Johnson, Supervising Atty., Bonnie C. Patterson, Student Practitioner, New Orleans, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Criminal Div., State of La., Harry F. Connick, Dist. Atty., Parish of Orleans, William R. Campbell, Jr., Asst. Dist. Atty., Parish of Orleans, New Orleans, for appellee.
Before REDMANN, C.J., and CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Defendant, Willie Dixon, was charged with the offense of armed robbery. R.S. 14:64. He was found guilty of attempted armed robbery and was sentenced to serve ten (10) years, at hard labor. The defendant appeals his conviction and sentence, requesting a review of the record for errors patent upon its face. The defendant's conviction is affirmed and his sentence is amended, and as amended, is affirmed.
On the evening of January 8, 1983, at approximately 7:30 p.m., New Orleans Police Officer, Elphanous Malbrue, and a back-up patrolman, Officer Herbert Theodore, responded to a complaint at an armed robbery at Alonzo's Grocery, located at 2200 Almonaster Street in New Orleans.
*841 Upon their arrival, they secured information concerning a description of the perpetrator of the crime. The policemen arrested Willie Dixon who met the description given to them by the owner of the grocery. Dixon was apprehended in the immediate vicinity of the crime scene, about 150 feet away. A search of the subject failed to reveal any weapons or money. He was taken by patrol car to Alonzo's Grocery where he was identified by the store's owner, Sophia Alonzo, as "the guy that just robbed me."
The facts surrounding this incident are conflicting.
Sophia Alonzo, the owner of the grocery, testified that the defendant had come to the store earlier that day and inquired as to when the store closed. She stated she and her helper, Delfin Bernai, were working in the store, when the defendant returned at about 7:30 p.m. The defendant entered the back door of the grocery with his hand in his pocket. Ms. Alonzo was behind the cash register and Mr. Bernai was walking towards the back door after having collected the trash for the day. According to Ms. Alonzo, the defendant demanded money. Mr. Bernai, who did not understand English, continued walking. The defendant then put a knife to Mr. Bernai's throat. Ms. Alonzo reacted by moving around the counter, grabbing the defendant's arm and pleading with him not to kill Mr. Bernai. The defendant then pushed her against the counter and held the knife to her throat. Upon seeing this, Mr. Bernai began to fight with the defendant and sustained a cut on the hand. The owner of the store ran from the store to a neighbor's house across the street where she summoned the police. She testified that the next day she ascertained that there was $173.00 missing from her cash register.
Delfin Bernai, a native Cuban, testified through an interpreter, that on the date of this incident he was putting out the trash when the defendant approached. He told the defendant the store was closed and tried to indicate this fact by standing in front of the defendant to prevent his passage. The defendant pulled a knife out and aimed it at the store helper. The helper was stabbed in the hand with the serrated knife when he raised his hands attempting to protect his chest and head. Mr. Bernai stated that as he saw the defendant going toward Ms. Alonzo he threw himself at the defendant and hollered to the store owner to leave and call for help. Mr. Bernai also testified that he had seen the defendant earlier in the day. Mr. Bernai and Ms. Alonzo testified that the cash register's alarm had been triggered during this incident.
The defendant, Willie Dixon, testified that he had been in the video room of Alonzo's Grocery on the date in question. He stated that he lost 25¢ in one of the machines. Dixon stated that he approached Mr. Bernai seeking a refund of his money but when he was told that he could not get a refund he left the store. He stated that he went to his brother's house which was in the area. There he drank about a quart of vodka. He left his brother's house and was going home when he again stopped in Alonzo's Grocery seeking a return of his quarter. He stated that upon his return to the store he removed a fingernail file from his clothing to file his nails. The owner of the store began to scream and her helper grabbed his hand. The defendant testified that he knocked the store helper to the floor and left the store. He was arrested by the police a short time thereafter and returned to the store, where he was identified.
Our review of the record indicates an error in sentencing. No other errors discoverable by a mere inspection of the pleadings and proceedings, i.e. errors patent on the face of the record, have been found. La.C.Cr.P. Art. 920.
The defendant was convicted of attempted armed robbery. R.S. 14:64; 14:27. Armed robbery is punishable by "imprisonment at hard labor for not less than five years nor more than ninety-nine years, without benefit of parole, probation or suspension of sentence." R.S. 14:64. One who attempts to commit the crime of armed *842 robbery "... shall be fined or imprisoned or both, in the same manner as for the offense attempted". R.S. 14:27D(3). When by law, a sentence must be imposed "without benefit of parole, probation or suspension of sentence", the sentence is "unlawfully lenient" if it fails to specify these restrictions. See: State v. Telsee, 425 So.2d 1251 (La., 1983); but see State v. Napoli, 437 So.2d 868 (La.1983), and State v. Jackson, 439 So.2d 622 (La.App. 1st Cir. 1983). It is clear that the sentencing provision of the armed robbery statute specifies that such a sentence is to be imposed "without benefit of parole, probation or suspension of sentence." R.S. 14:64. Thus, the question becomes whether a sentence for attempted armed robbery must carry the same restrictions. (Emphasis Supplied). The Louisiana Supreme Court has concluded that such restrictions (i.e., "without benefit of parole, probation or suspension of sentence") are also required in sentences imposed in cases of attempted armed robbery. State ex rel. Sullivan v. Maggio, 432 So.2d 854 (La.1983), citing State v. Patterson, 259 La. 508, 250 So.2d 721 (La., 1971). The Court in Patterson, reasoned that "an attempt is a lesser grade of the intended crime." supra at 722. Furthermore, the Court stated at page 723:
In the case of "attempted armed robbery" the phrase "in the same manner" means that except for the term of imprisonment, which is specifically provided for, the other aspects of the fine or imprisonment shall be "in the same manner" as provided for armed robbery; that is, "at hard labor" and "without benefit of parole, probation or suspension of sentence." To hold otherwise would render the words "in the same manner" virtually meaningless, for there is no other provision of the armed robbery punishment to which the attempt punishment can be likened.
In the instant case, since the defendant was sentenced to 10 years at hard labor with credit for time served, and no mention was made that the sentence was to be served without benefit of parole, probation or suspension of sentence, the sentence is illegally lenient and must be amended.
Additionally, we have reviewed this record for sufficiency of the evidence. State v. Raymo, 419 So.2d 858 (La., 1982). Upon viewing the evidence in the light most favorable to the State, we find that a rational trier of fact could have found the defendant guilty of each and every element of the crime of attempted armed robbery. R.S. 14:64; 14:27. That is, the prosecution produced evidence at trial showing that the defendant entered the grocery at closing time, threatened the owner and her helper with a knife and demanded that he be given money.
For the reasons assigned the defendant's conviction is affirmed and the sentence imposed by the trial court is amended by providing that it shall be served without benefit of parole, probation or suspension of sentence. In all other respects, the sentence imposed by the trial judge is affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.