459 So.2d 581 (1984)
STATE of Louisiana
v.
Leon ROBERTSON.
No. 84-KA-54.
Court of Appeal of Louisiana, Fifth Circuit.
November 13, 1984.
John H. Craft, Staff Appellate Counsel, Indigent Defender Bd., Gretna, for defendant-appellant.
John M. Mamoulides, Dist. Atty., David Loeb, Dorothy A. Pendergast, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
Before BOWES, CURRAULT and GAUDIN, JJ.
GAUDIN, Judge.
Leon Robertson was convicted of attempted armed robbery by a 12-person jury in the 24th Judicial District Court and sentenced to ten years at hard labor. On appeal, he asks this Court "... to examine the record ... for errors patent on its face."
We have reviewed the entire record, including the trial transcript, and we find no errors patent favorable to appellant. We affirm his conviction.
Robertson was identified as the man who entered a Time Saver store armed with a pistol. Apparently upset because only a small amount of money was available, he struck the female cashier with his gun and shoved her head-first into a plate glass window, shattering it.
The cashier identified Robertson from a photographic lineup and again during the trial. Robertson and his girlfriend testified that they were elsewhere when the crime was committed, but the jury disregarded the alibi defense and convicted Robertson as charged.
Ironically, the only error patent in this case relates to the sentence imposed. The trial judge did not specify that the ten years were to run without benefit of parole, *582 probation or suspension of sentence, a requirement of any attempted armed robbery sentence. See State v. Patterson, 259 La. 508, 250 So.2d 721 (1971), and State v. Dixon, 442 So.2d 840 (La.App. 4th Cir. 1983).
From Dixon:
"It is clear that the sentencing provision of the armed robbery statute specifies that such a sentence is to be imposed `without benefit of parole, probation or suspension of sentence.' R.S. 14:64. Thus, the question becomes whether a sentence for attempted armed robbery must carry the same restrictions. (Emphasis supplied). The Louisiana Supreme Court has concluded that such restrictions (i.e., `without benefit of parole, probation or suspension of sentence') are also required in sentences imposed in cases of attempted armed robbery. State ex rel., Sullivan v. Maggio, 432 So.2d 854 (La.1983), citing State v. Patterson, 259 La. 508, 250 So.2d 721 (La. 1971). The Court in Patterson, reasoned that `an attempt is a lesser grade of the intended crime' supra at 722. Furthermore, the Court stated at page 732:
"In the case of `attempted armed robbery' the phrase `in the same manner' means that except for the term of imprisonment, which is specifically provided for, the other aspects of the fine or imprisonment shall be `in the same manner' as provided for armed robbery; that is, `at hard labor' and `without benefit of parole, probation or suspension of sentence.' To hold otherwise would render the words `in the same manner' virtually meaningless, for there is no other provision of the armed robbery punishment to which the attempt punishment can be likened.
"In the instant case, since the defendant was sentenced to 10 years at hard labor with credit for time served, and no mention was made that the sentence was to be served without benefit of parole, probation or suspension of sentence, the sentence is illegally lenient and must be amended."
The prosecuting attorney did not object to the sentence when it was imposed. In response to the appeal, the prosecution did not, by way of either pleading or brief, call attention to the illegally lenient sentence and formally ask this Court to correct it. Only in oral argument did the State suggest that this Court, under the authority of LSA-C.Cr.Pr. art. 882, as amended by Art 587 of 1984, should make the correction.
Art. 882, as amended, reads:
"An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
"A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition."
We are mindful of State v. Jackson, 452 So.2d 682 (La.1984), in which the Supreme Court of Louisiana stated that "... it is inappropriate for an appellate court to correct the sentence when the defendant alone seeks appellate review." Such action by an appellate court, the Supreme Court said, would have a "chilling effect" on the exercise of the right to appeal.
Nonetheless, Art. 882 does give appellate courts the authority to correct an illegally lenient sentence "... on the application of the defendant or of the state." (Underlining supplied.) The term "application" is not further described, but in the instant case we are not prepared to say that the prosecution has made sufficient "application."
If the prosecution now seeks correction of the illegally lenient sentence imposed on Robertson, it must first approach the district judge. The Supreme Court in Jackson said:
"Only the prosecution can seek correction of the error, and this should be done by applying first to the trial court, subject to subsequent appellate review."
*583 Art. 882, too, seems to indicate that an application is necessary, particularly if the two pertinent sentences of the article are read together. Regardless, the prosecution had not made adequate application here; and while we recognize the illegally lenient sentence imposed on Robertson, we are hesitant to correct it without having formally been asked to do so.
The only issue squarely before us, therefore, is whether there are any errors patent favorable to Robertson. There being none, his conviction is affirmed.
AFFIRMED.