CARTER, Judge.
This is a companion case to State v. Griffin, 470 So.2d 623 (La.App.1985). The defendant herein, Ronnie Henry, was charged by bill of information with armed robbery in violation of LSA-R.S. 14:64. After hearings on Motions for Preliminary Examination and Bond Reduction and Motion to Suppress, the charge was amended and reduced to attempted armed robbery in violation of LSA-R.S. 14:27 and 14:64. The defendant entered a plea of guilty to the reduced charge and reserved his right to appeal. On September 13, 1984, defendant was sentenced to fifteen (15) years in the custody of the Department of Corrections without benefit of probation, parole or suspension of sentence, with the sentence to be concurrent to a previous felony conviction that he was currently serving.
*629 Defendant has appealed alleging six assignments of error.
FACTS
The instant offense was committed in the parking lot of American Bank at the corner of Plank Road and Choctaw Drive in Baton Rouge, Louisiana on June 2, 1983. Defendant, Ronnie Henry, and co-defendant, Ga-ston Griffin, Jr., approached the victim as she was entering her automobile. While Griffin was holding a gun on the victim, her purse was forcibly taken and given to defendant. Whereupon, the perpetrators fled. Two witnesses to the armed robbery gave chase, but were unable to apprehend the defendants. Defendant hid the purse under a house on Madison Street, and later that evening a confidential informant gave information which led to the subsequent arrest of both Griffin and Henry. The purse and all of the contents were recovered with the exception of a $5 bill.
On appeal, defendant urges six assignments of error:[2]
(1) The trial court erred when it failed to grant a motion in arrest of judgment;
(2) The trial court erred when it failed to grant defendant credit for time served;
(3) The trial court erred by denying benefit of parole, probation or suspension of sentence;
(4) The trial court erred by imposing an excessive sentence and failing to follow the sentencing guidelines set forth in La.C.Cr.P. art. 894.1;
(5) The trial court erred by overruling defense objection to testimony of an opinion made by a lay person; and,
(6) The trial court erred by denying defense motion to suppress an illegally obtained confession.
Assignments of Error Nos. 5 and 6 were not briefed on appeal and are, therefore, considered abandoned. Uniform Rules— Courts of Appeal, Rule 2-12.4.
ASSIGNMENTS OF ERROR NOS. 1 AND 3
The thrust of defendant’s argument on these assignments of error is that he should not have been sentenced to fifteen (15) years at hard labor without benefit of parole, probation or suspension of sentence and that the imposition of such a sentence to be served without benefit of parole, probation or suspension of sentence constitutes cruel, unusual and excessive punishment in violation of the Eighth Amendment of the United States Constitution and Article 1, Sec. 20 of the Louisiana Constitution of 1974.
Except for the constitutional argument, contentions identical to those of defendant have previously been considered and disposed of in the Supreme Court cases of State ex rel. Sullivan v. Maggio, 432 So.2d 854 (La.1983) and State v. Patterson, 259 La. 508, 250 So.2d 721 (1971). Defendant readily concedes that these Supreme Court decisions are adverse to him, but he interestingly argues that these decisions are incorrect and that we should follow the dissenting opinion in State ex rel. Sullivan v. Maggio, supra. Article V, Sec. 5 of the Louisiana Constitution of 1974 clearly precludes us from pursuing this course of action.
Defendant next contends that LSA-R.S. 14:27(D)(3)[3] is unconstitutionally vague because of the language “he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed *630 for the offense so attempted, or both.” (Emphasis added). We do not find this language unconstitutionally vague nor do we find that it constitutes cruel and unusual punishment. Clearly such a sentence is not disproportionate to the crime committed. See State v. Telsee, 425 So.2d 1251 (La.1983); State ex. rel. Sullivan v. Maggio, supra; State v. Patterson, supra.
The burden of clearly establishing the unconstitutionality of a statute rests upon the party who attacks it. State v. Newton, 328 So.2d 110 (La.1976) (On Rehearing). Defendant has cited no persuasive authority or set forth any convincing argument supporting the unconstitutionality of LSA-R.S. 14:27(D)(3). These assignments of error are without merit.
ASSIGNMENT OF ERROR NO. 4
Defendant contends that the trial judge erred by failing to follow the mandatory sentencing guidelines under LSA-C.Cr.P. art. 894.1 and by imposing an excessive sentence.
COMPLIANCE WITH LSA-C.Cr.P. Art. 894.1
LSA-C.Cr.P. art. 894.1 requires the trial judge to state for the record the considerations taken into account by him and the factual basis therefor when imposing sentence.
The trial judge noted that although defendant is technically a first-offender, he has an extensive criminal record. Even though he is only nineteen years old, he has had six arrest and two convictions as an adult, including a felony conviction for which he is currently serving time. He has had a serious criminal record since 1977 and it is apparent that his criminal conduct is habitual and that he is a danger. to society. Although defendant was not in possession of the firearm, a firearm was used in the robbery without provocation creating a situation wherein the victim could have been killed or wounded. The trial judge correctly concluded that from the defendant’s past conduct, it was clear that he was a habitual criminal and a danger to society. The only mitigating factor inferred from the record is the fact that defendant was nineteen years old.
A thorough review of the sentencing transcript reveals that the trial judge adequately considered the factors enunciated in LSA-C.Cr.P. art. 894.1.
EXCESSIVE SENTENCE
Article I, § 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Excessiveness of a sentence is a question of law which is reviewable. See State v. Sepulvado, 367 So.2d 762 (La.1979).
A sentence may be excessive either by reason of its length or because the circumstances warrant a less onerous sentencing alternative. State v. Telsee, supra. In other words, a sentence may be both within the statutory limits and constitutionally excessive. State v. Sepulvado, supra. A sentence is excessive when it is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering; to determine whether a penalty is grossly disproportionate to the crime, the court considers the punishment and the crime in light of the harm to society and whether the penalty is so disproportionate as to shock our sense of justice. State v. Bonanno, 384 So.2d 355 (La.1980).
Because of the wide discretion afforded the trial court in imposing sentence, a sentence within statutory limits will not be set aside as excessive in the absence of a manifest abuse of discretion. State v. Abercrumbia, 412 So.2d 1027 (La.1982); State v. Jacobs, 383 So.2d 342 (La.1980); State v. Freeze, 438 So.2d 1340 (La.App. 3rd Cir.1983).
The sentence imposed herein is clearly within the statutory limits. The crime committed was actually an armed robbery, a gun was used in perpetrating the crime, and the risks to life created by *631 this defendant’s and his co-defendant’s actions was great. Although defendant did not hold the gun on the victim, it is obvious that he fully participated in the armed robbery. The extensive criminal record of the defendant, together with the circumstances of the instant case certainly provide a justifiable basis for the trial court’s conclusion that the defendant is a habitual criminal. We find no abuse of discretion, and this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, the defendant contends that the trial judge did not state that appellant would be given credit for time previously served on the charge for which he was convicted, which constituted a sentencing error.
Defendant has cited us no authority in support of this argument, and we have found none. Suffice it to say that LSA-C. Cr.P. art. 880 is abundantly clear that a defendant shall have credit toward service of sentence for any time spent in actual custody prior to the imposition of sentence whether that is specifically set forth or not by the sentencing judge.[4] The defendant will receive credit for time served in the instant case, and this assignment of error is without merit.
CONCLUSION
For the above and foregoing reasons, we find no merit in any of defendant’s contentions. Accordingly, the judgment of the trial court denying the Motion in Arrest of Judgment is affirmed, and the sentence of the trial court is affirmed with the defendant to receive credit toward service of sentence for any time spent in actual custody prior to the imposition of sentence by the trial court.
AFFIRMED.

. Although only four assignments of error are listed and briefed in appellant's brief, six assignments of error were filed of record.

. LSA-R.S. 14:27(D)(3) provides as follows:
D. Whoever attempts to commit any crime shall be punished as follows:
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

. LSA-C.Cr.P. art. 880 provides as follows:
Art. 880. Credit for prior custody
The court, when it imposes sentence, shall give a defendant credit toward service of his sentence for time spent in actual custody pri- or to the imposition of sentence.