NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-1273

STATE OF LOUISIANA

VERSUS

GURVIS HARVEY, JR.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 11530-09
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.

John Foster DeRosier, Fourteenth JDC District Attorney
Karen C. McLellan, Assistant District Attorney
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

Todd Samuels Clemons
Todd Clemons & Associates, A.P.L.C.
1740 Ryan Street
Lake Charles, LA 70601
(337) 477-0000
COUNSEL FOR DEFENDANT-APPELLANT:
    Gurvis Harvey, Jr.

**PICKETT, Judge.**

## FACTS

The following statement of facts was provided by the state at the guilty plea proceeding:

> [T]he State would prove that between the dates of February 14[th], 2002, through February 28th, 2003, this defendant did violate Louisiana Revised Statute 14:78.1/27, aggravated incest, attempted aggravated incest, in that he, being the father of the victim K.H., date of birth 2/14/94, a juvenile under the age of 13 at the time of the commission of the alleged offense, did attempt to have sexual intercourse with said minor child by either committing any lewd or lascivious fondling or touching of the person of said minor child or the offender, done or submitted to with the intent of arousing or satisfying the sexual desires of either the child or the offender or both. All occurring in the Parish of Calcasieu.

The defendant, Gurvis Harvey, Jr., was originally charged by grand jury indictment with aggravated rape. After initially entering a plea of not guilty, the defendant later pled no contest to the amended charge of attempted aggravated incest, a violation of La.R.S. 14:27 and 14:78.1. The trial court imposed a ten-year sentence without the benefit of parole, probation, or suspension of sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are two errors patent concerning the defendant's sentence.

First, we find the defendant's sentence is indeterminate in that the trial court failed to specify whether the sentence is to be served with or without hard labor.

Louisiana Revised Statutes 14:27 requires imprisonment in the same manner as for the offense attempted. At the time of the commission of the offense, the penalty for a violation of La.R.S. 14:78.1 was a fine of not more than $50,000.00 or imprisonment with or without hard labor for a term not less than five years not

more than twenty years, or both. Thus, the penalty for attempted aggravated incest was not more than ten years with or without hard labor, a fine of not more than $25,000.00, or both. *See State v. H.A., Sr.*, 10-95 (La.App. 3 Cir. 10/6/10), 47 So.3d 34, *and State v. Patterson*, 250 So.2d 721 (La.1971). Although the court minutes indicate the defendant's sentence is to be served in the Louisiana Department of Corrections, the sentencing transcript shows the judge imposed the ten-year sentence without specifying whether it was to be served with or without hard labor. "[W]hen the minutes and the transcript conflict, the transcript prevails." *State v. Wommack*, 00-137, p. 4 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, 369, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Because the failure to specify whether the sentence is to be served with or without hard labor renders it indeterminate, the sentence must be vacated and the matter remanded for resentencing. The trial court is instructed to specify whether the sentence is to be served with or without hard labor. *See State v. Mouton*, 12-836 (La.App. 3 Cir. 2/27/13), 129 So.3d 49; *State v. Chehardy*, 12-1337 (La.App. 3 Cir. 5/1/13), __ So.3d __ ; and La.Code Crim.P. art. 879.

Although the vacating of the defendant's sentence renders any additional sentencing issues moot, we note that the defendant's sentence was also rendered illegal by the trial court's denial of parole. A short time after the court imposed the sentence, the following exchange occurred:

THE COURT:

> The result is that - - can I do it without benefit, or must it have - - does it have to have benefit?

MS. GUILLORY:

> Benefits, Your Honor.

THE COURT:

All right.

MS. KILLINGSWORTH:

Well, I think it's your option.

MS. GUILLORY:

It's your option.

THE COURT:

Oh.  Well, I would impose it without benefit of probation, parole or, what, supervision?

. . . .

THE COURT:

Suspension.  I'm sorry.

MS. WHITE:

But you're not suspending, so.

THE COURT:

Okay.  So it'll be without benefit.

. . . .

MS. WHITE:

And, Your Honor, we would object to the Court's ruling since that was not the law in 2003.

At the time of the commission of the offense, La.R.S. 14:78.1 did not authorize the denial of parole.

## ASSIGNMENT OF ERROR

The defendant contends that the trial court failed to articulate the factual basis and the consideration of the factors enumerated in La.Code Crim.P. art. 894.1 when imposing the maximum sentence.  This assignment of error is rendered moot

3

by the determination that the sentence must be vacated and the case remanded for resentencing.

**CONCLUSION**

The defendant's sentence is hereby vacated, and the case remanded for resentencing. The trial court is instructed to specify whether the sentence is to be served with or without hard labor.

**SENTENCE VACATED AND REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.