696 So.2d 657 (1997)
STATE of Louisiana
v.
Kimberly MOORE.
No. 96 KA 1835.
Court of Appeal of Louisiana, First Circuit.
June 20, 1997.
Doug Moreau, District Attorney by Monisa L. Thompson, Assistant District Attorney, Baton Rouge, for Plaintiff/Appellee State.
Bertha M. Hillman, Thibodaux, for Defendant/Appellant Kimberly Moore.
Before GONZALES and KUHN, JJ., and CHIASSON[1], J. Pro Tem.
KUHN, Judge.
Defendant, Kimberly M. Moore, was charged by bill of information with conspiracy to commit first degree robbery, a violation of La. R.S. 14:26 and 14:64.1. Defendant withdrew her initial plea of not guilty and pled guilty. The court sentenced defendant to imprisonment at hard labor for five years without benefit of probation, parole, or suspension of sentence, and credited her with time served. Defendant filed a motion to reconsider sentence, which was denied. Defendant appeals, filing two assignments of error in which she contends that the trial court erred by basing her sentence on an *658 incorrect view of the law and in denying her motion to reconsider an unconstitutionally excessive sentence.[2]
The following facts of the offense are taken from the affidavit of probable cause, the offense report, and the preliminary examination. On November 14, 1995, a detective with the Baton Rouge Police Department received information that Joe-D's Supermarket in Baton Rouge, Louisiana would be robbed. Several detectives conducted surveillance of the store. They noticed a vehicle occupied by three individuals stopping on the street behind the store. A black male exited the vehicle; put on a jacket, ski mask and gloves; and removed what appeared to be a handgun from his pants. He then scaled the fence behind the store. Meanwhile, the vehicle was driven to the other side of the street and stopped. Detectives then arrested the two occupants of the vehicle, one of whom, the front passenger, was defendant. The man was stopped just before entering the front door of the store. After the arrests, detectives learned that the gun was a B.B. pistol. In a taped statement given to police after the arrests, defendant said she was present on two different occasions before the attempted robbery when plans were made to rob the store. Defendant told officers that she participated in the planning and was to share in the proceeds from the robbery.
In her first assignment of error, defendant contends that the court's comments during sentencing indicated it erroneously believed there was a minimum sentence for the crime of conspiracy to commit first degree robbery. Defendant alleges that the sentence is therefore founded on an incorrect view of the law and should be set aside, relying on State v. Spruell, 403 So.2d 63 (La.1981). To support her contention that there is no minimum sentence for the present offense, defendant relies on several cases involving the attempt statute, such as State v. Jaye, 383 So.2d 1261 (La.1980), and State v. Porter, 445 So.2d 455 (La.1984).
Defendant correctly asserts that there is no express statutory minimum sentence for being convicted of an attempt. See State v. Callahan, 95-1331, p. 1 (La.3/29/96); 671 So.2d 903. The statutory language concerning the penalty for the conviction of an attempt, La. R.S. 14:27(D)(3), which was interpreted by the supreme court in Callahan, is the same as that in the penalty section of the conspiracy statute, La. R.S. 14:26(C). La. R.S. 14:26(C) states, in pertinent part:
C. Whoever is a party to a criminal conspiracy to commit any other crime [other than a conspiracy to commit a crime punishable by death or life imprisonment] shall be fined or imprisoned, or both, in the same manner as for the offense contemplated by the conspirators; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half the longest term of imprisonment prescribed for such offense, or both.
La. R.S. 14:27, which involves the penalty for an attempt, states, in pertinent part:
D. Whoever attempts to commit any crime shall be punished as follows:
* * * * * *
(3) In all other cases [cases involving offenses other than those punishable by death or life imprisonment, or theft or receiving stolen goods] he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
The penalty for first degree robbery is set forth in La. R.S. 14:64.1(B), which states, in pertinent part, "Whoever commits the crime of first degree robbery shall be imprisoned at hard labor for not less than three years and for not more than forty years, without benefit of parole, probation or suspension of imposition or execution of sentence."
While the issue of whether there is a minimum sentence for the crime of conspiracy *659 appears to be res nova, the critical language of the statute involving conspiracy is the same as that of the attempt statute; and the supreme court has decided that there is no minimum sentence for the crime of attempt. In the same manner, principles of leniency would mandate that the statute covering conspiracy be strictly construed. See State v. Callahan, 95-1331 at p. 1; 671 So.2d at 903. Additionally, in State v. Lobato, 603 So.2d 739, 751 (La.1992), the supreme court noted that the penalty for conspiracy to possess marijuana with intent to distribute was a sentencing range from zero to five years with a maximum fine of $2,500 at the time of the offense. Therefore, we determine that there is no minimum sentence for the offense of conspiracy to commit first degree robbery.
However, while there is no minimum sentence, according to the statute concerning conspiracy, La. R.S. 14:26(C), any sentence imposed must be imposed in the "same manner as for the offense contemplated by the conspirators." In State ex rel. Sullivan v. Maggio, 432 So.2d 854, 855-856 (La.1983), in deciding that a sentence of imprisonment for attempted armed robbery must be served without benefit of parole, probation, or suspension of sentence, the supreme court reaffirmed its holding in an earlier case, State v. Patterson, 259 La. 508, 250 So.2d 721, 723 (1971), wherein it held that the phrase "in the same manner" in the attempt statute, La. R.S. 14:27(D)(3), meant "at hard labor" and "without benefit of parole, probation, or suspension of sentence," as provided in the statute for armed robbery, La. R.S. 14:64. See also State v. Middlebrook, 409 So.2d 588, 592-593 (La.1982); State v. Henry, 470 So.2d 627, 629-630 (La.App. 1st Cir.), writ denied, 475 So.2d 777 (La.1985).
The offense conspired to in this case, first degree robbery, requires that the entire sentence be served without benefit of probation, parole, or suspension of sentence. La. R.S. 14:64.1. Because defendant is to be sentenced "in the same manner as for the offense contemplated by the conspirators," according to La. R.S. 14:26(C), such sentence must be without benefit of parole, probation, or suspension of sentence.
Thus, the range of sentence the trial court could impose was from zero to twenty years, which is consistent with the information the court gave defendant at the Boykin examination. At that time, the court informed defendant of the punishment for the crimes of conspiracy and first degree robbery (including the denial of parole, probation, and suspension of sentence), and then stated, "That means that your maximum sentence would be from 0 to 20 years." The court's references in its sentencing hearing which defendant relies on to support her contention that the court applied the wrong law are a reference that there was a "mandatory sentence" and a statement that "the law requires her to serve time." However, the court's complete statements were as follows: "Defendant is not a candidate for successful probation due to the mandatory sentence and the seriousness of the crime[,]" and "Although the law requires her to serve time without benefit of probation or parole, she was given a break in the lesser charge of conspiracy to commit first degree robbery rather than armed robbery." These comments do not show that the court misunderstood the applicable penalty. Considered in context, these comments reflect the court's awareness that any sentence of incarceration it would impose would be without benefit of parole, probation, or suspension of sentence. Therefore, the court did not apply the incorrect law, and assignment of error number one has no merit.
Regarding her second assignment of error, defendant contends the sentence is excessive because she is a first time felony offender with very little criminal record, she played a passive role in the crime, her conduct neither caused nor threatened serious harm to anyone, and no one was hurt due to her actions. Defendant also stated that she was a minor and the mother of a small child. At the time of Boykinization, she was employed at a fast food establishment, working on her G.E.D., and following her curfew.
At the sentencing hearing on June 14, 1996, the court stated that it had reviewed the presentence investigation report (PSI) and had allowed defense counsel an opportunity to review it. Defense counsel objected to that portion of the PSI which stated that *660 defendant was not eligible for probation. The court then gave its reasons for the sentence, stating that a lesser sentence would deprecate the seriousness of the offense and that defendant was in need of a custodial environment. The court commented that a codefendant used a dangerous weapon during an inherently forceful offense. The court remarked that defendant was aware that her codefendant would use a gun. According to the court, defendant manifested no concern for the victims' safety or well-being. The court observed that the offense was committed with planning and premeditation, and that defendant was not under duress, coercion, threat or compulsion. The court stated that defendant had a passive role in the crime, but willingly went along to share in the stolen money. The court noted that defendant had shown some remorse and accepted some responsibility for the crime, but that she blamed her arrest and involvement "on not thinking about anything but the money." The court observed that defendant was the beneficiary of a reduced charge because she was actually charged with conspiracy to commit armed robbery. The court commented that the offense was a result of circumstances likely to reoccur. The court stated that defendant was not a candidate for probation due the mandatory sentence and the seriousness of the crime.
The court noted that defendant was a youthful offender at seventeen years old, and that defendant was a first felony offender with very little criminal history, having been arrested for only one other crime. The court commented that defendant seemed to be becoming a violent person due to this particular crime, and that she was a danger to the public. The court stated that defendant was employed, but despite being out of jail for two years, she had a poor work record. (The court's reference to a two-year period is apparently to that period of time starting when defendant quit school at fifteen until she was remanded into custody after the Boykin examination on April 15, 1996.) The court stated that defendant had no minor dependents she supported but that she did have a child. The court observed that defendant had very little education and was unwilling to be a contributing member of society. The court concluded her reasons by stating:
This defendant's blasé attitude toward armed robbery is frightening. At seventeen years old she fully participated in two meetings of others whereby she helped in the planning of an armed robbery of a grocery store. She gave no thought to the fact that innocent people, even children, could have been injured or killed in the robbery. She gave no thought to anything except sharing in the money that she neither worked for nor deserved. She sets a miserable example as a mother of a young child. She just quitshe quit school in the seventh grade, made little or no effort to finish school, worked only a couple of months in a couple of years. Her mother does not want her to come back to her home but would prefer she go to her father.
The court's reasons show that it considered the mitigating factors urged by defendant in brief. Furthermore, contrary to defendant's assertion that defendant's conduct did not threaten serious harm, the court recognized that innocent people could have been hurt had the police not intervened to stop the robbery. The court was also aware that defendant was working on her G.E.D. and employed at a fast food establishment. According to the record, at the preliminary examination, on March 11, 1996, the court imposed as a condition of bond that defendant enroll in a G.E.D. program. On March 15, 1996, at a status conference, defendant provided the court with a note dated March 13, 1996, which stated that she had begun the testing process for the G.E.D. program, and with a copy of an employment certificate dated March 13, 1996. At the Boykin examination on April 15, 1996, defendant again provided proof of employment in the form of a check stub, and defense counsel informed the court that he thought defendant had taken the test for the G.E.D. program. After the Boykin examination, the court ordered a drug test performed on defendant; according to the court, defendant tested positive for marijuana, so the court denied her post-conviction bond and remanded her into custody.
*661 Article I, Section 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence is constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it shocks the sense of justice. The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Lobato, 603 So.2d at 751.
A thorough review of the record, particularly the trial court's reasons wherein the court notes the seriousness of the crime and defendant's "blasé" attitude toward it, does not indicate that defendant's sentence is excessive. Defendant's second assignment of error lacks merit. Therefore, defendant's conviction and sentence are affirmed.
AFFIRM CONVICTION AND SENTENCE.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] In defendant's motion to reconsider, she asked the court to reconsider the sentence on the basis that the law did not impose a minimum sentence for conspiracy to commit first degree robbery and, thus, she was eligible for probation, and also on the basis that the sentence was excessive because she was a first time felony offender with no significant criminal history.