965 So.2d 977 (2007)
STATE of Louisiana, Appellee
v.
Gerald GRANT, Appellant.
No. 42,470-KA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
*978 Louisiana Appellate Project, by Edward K. Bauman, Lake Charles, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Joseph A. Gregorio, Assistant District Attorneys, for Appellee.
Before STEWART, GASKINS & PEATROSS, JJ.
PEATROSS, J.
Defendant, Gerald Grant, pled guilty to the amended charge of attempted armed robbery and was sentenced to 25 years' imprisonment at hard labor. Defendant now appeals the denial of his motion to reconsider his sentence and asserts that his sentence was unconstitutionally excessive. We affirm.

FACTS
On December 17, 2000, Defendant, Waylon Brown and Rodney White entered the Whataburger in Bossier Parish. They produced handguns and ordered the employees to open the cash registers. They then took all of the money. Defendant escorted the employees to the back cooler, locked them in, and the robbers attempted to leave the scene. An employee called 911 from a cell phone, and police arrived as the three robbers were walking to their car. The robbers were apprehended as they attempted to escape on foot. Police recovered the cash taken in the robbery, which totaled approximately $2,000. The robbery was recorded on surveillance video, which showed that all three robbers produced handguns during the robbery. Defendant admitted his participation to police. Defendant's handgun was recovered from the top of the restaurant next to the Whataburger, exactly where he said he had thrown the weapon. Police later discovered that the robbery was an "inside job"one of the Whataburger employees present during the crime was Rodney White's cousin and had assisted Rodney in staging the robbery.
Defendant was charged by bill of information with armed robbery, which is punishable by imprisonment at hard labor without benefits for not less than 10 and *979 not more than 99 years. La. R.S. 14:64. On September 23, 2003, Defendant accepted a plea bargain agreement and entered a voluntary plea of guilty to the reduced charge of attempted armed robbery, which is punishable by up to 49 1/2 years' imprisonment at hard labor without benefits. La. R.S. 14:64 and 14:27; State ex rel. Sullivan v. Maggio, 432 So.2d 854 (La. 1983); State v. Everett, 05-214 (La.App. 3d Cir.11/2/05), 916 So.2d 1210. A pre-sentence investigation report (PSI) was ordered. The State agreed that it would not file a habitual offender bill, and Defendant agreed to testify truthfully against one of his co-defendants if that co-defendant went to trial.
At the sentencing hearing held November 28, 2006, the trial court noted that it had reviewed the information contained in the PSI and set forth the information contained therein for the record. It observed that Defendant is a second-felony offender with an extensive criminal history. The trial court reiterated the facts of the crime, including Defendant's use of a handgun and his placing of employees into the cooler. It also set forth the sentences received by the co-defendants and discussed the sentencing guidelines, including the inapplicability of La. C. Cr. P. art. 894.1(B)(22) through (33), as mitigating factors. As stated above, the trial court sentenced Defendant to 25 years imprisonment at hard labor. Defendant appeals his sentence as unconstitutionally excessive.

DISCUSSION
The defense cites applicable law and argues that the trial court failed to give adequate consideration to the sentencing guidelines in particularizing Defendant's sentence. It notes that certain mitigating factors were not considered. The defense also argues that the case did not involve sufficient aggravating circumstances to warrant the sentence imposed. It concludes that, under these facts, Defendant's sentence is grossly out of proportion to the severity of the crime.
The law regarding excessive sentence claims is well settled. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La. 1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 04-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
*980 Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The record shows that the trial court took adequate cognizance of the criteria set forth in La. C. Cr. P. art. 894.1 in tailoring this sentence to Defendant. Furthermore, when Defendant's active participation in this armed robbery and his punishment are viewed in light of the harm done to society by such serious offenses, Defendant's sentence does not shock the sense of justice. This record does not support a finding that Defendant's sentence is unconstitutionally excessive.
This court's error patent review reveals that the trial court failed to impose the sentence for attempted armed robbery without benefit of probation, parole or suspension of sentence. See State ex rel. Sullivan v. Maggio, supra; State v. Everett, supra; State v. Moore, 96-1835 (La. App. 1st Cir.6/20/97), 696 So.2d 657. La. R.S. 15:301.1 is self-activating, however, and makes the denial of benefits self-operative. See, State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Neely, 35,993 (La.App.2d Cir.5/8/02), 818 So.2d 829.

CONCLUSION
For the reasons set forth above, the sentence of Defendant, Gerald Grant, is affirmed.
AFFIRMED.