979 So.2d 684 (2008)
STATE of Louisiana, Appellee,
v.
Marcus Donell BATTS, Appellant.
No. 43,142-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 2008.
*685 Louisiana Appellate Project by James E. Beal, for Appellant.
Paul J. Carmouche, District Attorney, Geya D. Williams Prudhomme, Catherine M. Estopinal, Assistant District Attorneys, for Appellee.
Before BROWN, WILLIAMS & PEATROSS, JJ.
PEATROSS, J.
Defendant, Marcus Donell Batts, was convicted of attempted armed robbery and aggravated second degree battery and was sentenced to serve 26 years of imprisonment at hard labor for attempted armed robbery and 9 years of imprisonment at hard labor for aggravated second degree battery. He appeals his sentences as excessive. For the reasons stated below, we affirm.

FACTS
In November 2004, Eddie Palmer worked at the Quick Stop convenience store on Greenwood Road in Shreveport, owned by the victim, Nasim Falah. Palmer's friend, Defendant, had moved to Shreveport and Palmer brought Defendant to the store to ask Falah for a job. Falah hired Defendant to start work the next day, but Defendant did not appear for work.
A few days later, on November 17, 2004, Defendant returned to the store. Falah told Defendant that he did not act like he wanted to work and withdrew the job offer. This angered Defendant, who told Palmer that he was going to come back and rob Falah. Palmer told Defendant "not to do that," and said that he would help Defendant find another job the next day.
At 7:20 that evening, Falah closed and locked his store, said goodbye to Palmer and walked to his car. As he attempted to unlock his car, Falah was struck on the back of the head with a brick two or three times and was knocked to the ground. Falah recognized his attacker as Defendant. Falah had the day's proceeds in the pocket of his jeans and fought back as Defendant unsuccessfully attempted to take the money. Defendant hit Falah in the face and Falah tried to escape into the street, but Defendant continued to strike him "again and again" with the brick. A man who had accompanied Defendant pointed a gun at Palmer to prevent him from helping Falah during the attack. Defendant and the unidentified man then fled when nearby security guards shone a light in their direction. Palmer came to Falah's aid and took Falah to a nearby hospital. Falah, who sustained serious head injuries during the attack, was treated at the hospital and released. He still suffers from pain and dizziness. At trial, both Falah and Palmer identified Defendant as the person who attacked and attempted to rob Falah.
Defendant was charged by bill of information with one count of attempted armed robbery, a violation of La. R.S. 14:64 and 14:27, and one count of aggravated second degree battery, a violation of La. R.S. 14:34.7. After a bench trial, Defendant was found guilty as charged on both counts. Defendant was adjudicated a second felony offender and was sentenced to serve 26 years of imprisonment at hard labor for *686 attempted armed robbery and 9 years of imprisonment at hard labor for aggravated second degree battery. Both sentences were imposed without benefit of probation or suspension of sentence and it was further ordered that the sentences were to run concurrently. Motions to deviate from the multiple offender minimum sentences and to reconsider the sentences were heard and denied.

DISCUSSION
Defendant assigns as error that these sentences are excessive for this offender in this case. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La. App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 04-0834 (La.3/11/05), 896 So.2d 57 and 04-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747, writ denied, 04-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351; State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, a sentence violates La. Const. art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La. App.2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
The trial court discussed several factors prior to sentencing, including Defendant's criminal history. The trial court noted that Defendant is a second felony offender, having previously been convicted of simple burglary of an inhabited dwelling. The trial court also noted that Defendant was 35 years old at the time of sentencing. Additionally, it took into consideration the testimony of Defendant and his mother at the hearing on the sentencing motions.
As stated, Defendant was sentenced to serve 26 years of imprisonment at hard labor for attempted armed robbery and 9 years of imprisonment at hard labor for aggravated second degree battery. Both sentences were imposed without benefit of *687 probation or suspension of sentence and it was ordered that the sentences run concurrently. Considering the totality of the record, including the apparent retaliatory nature of the offenses and the brutality of the attack, these sentences are not constitutionally excessive. The sentences were tailored to fit Defendant and these offenses. We do not find that the sentences imposed are grossly disproportionate to the severity of the offenses, nor are they shocking to the sense of justice. This assignment is, therefore, without merit.
This court's error patent review reveals that the trial court failed to impose the sentence for attempted armed robbery without benefit of probation, parole or suspension of sentence. See State ex rel. Sullivan v. Maggio, 432 So.2d 854 (La. 1983); State v. Everett, 05-214 (La.App. 3d Cir.11/2/05), 916 So.2d 1210; State v. Moore, 96-1835 (La.App. 1st Cir.6/20/97), 696 So.2d 657. La. R.S. 15:301.1 is self-activating, however, and makes the denial of benefits self-operative. See State v. Williams, 00-1725 (La.11/28/01), 800 So.2d 790; State v. Grant, 42,470 (La.App.2d Cir.9/19/07), 965 So.2d 977; State v. Neely, 35,993 (La.App.2d Cir.5/8/02), 818 So.2d 829.

CONCLUSION
For the foregoing reasons, the sentences of Defendant, Marcus Donell Batts, are affirmed.
AFFIRMED.